BELLE HUNT SHORTRIDGE ET AL. V. S. B. ALLEN ET AL.

No. 84.

1. **Land Certificate—Title by Estoppel.**—H. purchased from certain heirs a land certificate which had issued to M., and a contract made by H. with A. for the location of certain certificates described in a schedule thereto attached, which schedule included the M. certificate, recited that the certificates so described were the property of A., and that H. was to locate them and receive therefor one-third of the land when he procured issuance of the patents. *Held*, that the recital that A. owned the certificates was binding on the heirs of H., who were estopped thereby from claiming the contrary.

2. **Land Certificate—Sufficient Description.**—The certificate was described in the schedule to the locative contract as follows: "Estevan Mora, two claims, 640, 320, P. 960," and the description reasonably identified it as the property intended to be transferred.

3. **Stale Demand—Locative Interest.**—Patent on the certificate issued (to the heirs of M.) in 1859, during the lifetime of H., and the suit in which the claim of the heirs of H. was asserted was filed in 1890. *Held*, that the claim, as to the locative one-third, was in the nature of an action for specific performance, and was barred by stale demand, which having begun to run against H. in his lifetime, continued to run unaffected by coverture or other disability on the part of his heirs.

4. **Stale Demand—Fraudulent Concealment.**—An answer to the plea of stale demand, alleging that A. and his representatives had fraudulently concealed from the heirs of H. their locative interest in the land, is not good, since stale demand having begun to run against H. himself. who was necessarily apprised of the condition of the property, must be deemed to have continued to run against his heirs, notwithstanding such fraudulent concealment.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*S. B. Garrett* and *C. B. Stuart*, for appellants.— 1. The court erred in finding that Hunt, ancestor of intervenors, sold the Mora land certificate to the Alexanders, because the only evidence of sale was the memorandum offered in evidence, in which Hunt agrees to locate certain land certificates for a portion of the land, and because such memorandum is wholly insufficient to show title to such certificate in the Alexanders. Sayles' Civ. Stats., art. 2464; Johnson v. Granger, 51 Texas, 42; Fulton v. Robinson, 55 Texas, 404; Barker v. Swenson, 66 Texas, 408; Randon v. Barton, 4 Texas, 290; Johnson v. Newman, 43 Texas, 640; Stone v. Brown, 54 Texas, 334; Boone v. Miller, 73 Texas, 563; Satterwhite v. Rosser, 61 Texas, 172.

2. It is well settled that in courts of equity an actual fraud concealed by one of the parties will suspend the operation of the statute of limitations as to the other party until he discovers the fraud, or by the use of reasonable diligence he might have discovered it. Gibbons v. Bell, 45 Texas, 417; Heirs of Brown v. Brown, 61 Texas, 49; Munson v. Hallo-

well, 26 Texas, 486; Ripley v. Withee, 27 Texas, 14; Anding v. Perkins, 29 Texas, 354; Bremond v. McLean, 45 Texas, 11; Alston v. Richardson, 51 Texas, 1; Ang. on Lim., sec. 183.

*Davis & Harris*, for appellees.— 1. The court did not err in holding that W. H. Hunt, under whom appellants claim by descent, in his lifetime transferred to A. M. and C. C. Alexander, under whom appellees claim by descent and purchase, the land certificate by virtue of which the land in controversy was patented. Flanagan v. Boggess, 46 Texas, 330; Knowles v. Torbitt, 53 Texas, 557; Harrison v. McMurray, 71 Texas, 129; Manchaca v. Field, 62 Texas, 140; Veramendi v. Hutchins, 48 Texas, 552; Shifflet v. Morelle, 68 Texas, 391; Jones on Chat. Mort., sec. 53, et seq.

2. The claim of the intervenors was a stale demand. Rev. Stats., art. 3209; Flemming v. Reed, 37 Texas, 152; De Cordova v. Smith, 9 Texas, 147; Watson v. Inman, 23 Texas, 531; Wilson v. Simpson, 68 Texas, 306; Brown v. Roberts, 75 Texas, 103; Fuller v. Coddington, 74 Texas, 334; Ragsdale v. Barnes, 68 Texas, 504; Connoly v. Hammond, 58 Texas, 11; Chamberlin v. Boon, 74 Texas, 659.

TARLTON, CHIEF JUSTICE.—April 20, 1890, G. N. Rice instituted this suit of trespass to try title, to recover from appellees herein as defendants a survey of 640 acres of land, lying in Cooke County, and patented to the heirs of Estevan Mora. The plaintiff Rice claimed the land by virtue of certain conveyances executed by persons claiming to be heirs of Estevan Mora. Pending the suit, the appellants herein, Belle Hunt Shortridge and others, who are heirs of W. H. Hunt, intervened. Their claim is founded upon the transfer to W. H. Hunt, their ancestor, of the certificate by virtue of which the land was located. This transfer was executed by Jose Mora, Mauricio Mora, and Eulogio Mora, representing themselves to be the sole heirs of Estevan Mora. Before the trial in the court below, the defendants S. B. Allen and others purchased the interest of the plaintiff Rice, and thereby became admittedly the owners of more than one-third of the land in controversy. The suit was thus limited to an issue for the remainder of the land between the intervenors, as heirs of W. H. Hunt, and the defendants, as heirs of C. C. Alexander. This issue resulted in a judgment for the defendants, from which the intervenors prosecute this appeal.

January 13, 1855, a certificate for the land in controversy was issued to the heirs of Estevan Mora, on which certificate the land was patented September 12, 1859. November 10, 1854, three of the children of Estevan Mora, deceased, representing themselves to be his only heirs at law, sold the certificate, by warranty deed, to W. H. Hunt, the ancestor of intervenors. The grantors in this deed were not the sole heirs of Estevan

Mora. The interest of the remaining heirs, amounting to more than one-third of the land in controversy, is the property of the defendants.

April 27, 1854, W. H. Hunt and A. M. and C. C. Alexander entered into the following contract:

" Memorandum of a contract entered into this the 27th day of April, 1854, between A. M. and C. C. Alexander and William H. Hunt, both parties residents of the State of Texas and County of Fannin. The said A. M. and C. C. Alexander being the owners of the certificates described in the schedule hereunto attached, and being desirous to have them located, employ the said W. H. Hunt to locate them upon the following terms, viz.:

" The said Hunt is to select the lands, cause them to be surveyed, return the field notes to the General Land Office, pay all government dues, procure the patents and deliver them to said Alexander at Bonham, entirely at his own expense. In consideration of which services the said A. M. and C. C. Alexander are to convey to the said Hunt one-third of the land so located, making him the owner of an undivided third of said lands. All certificates which may be added to the attached schedule hereafter shall be located by said Hunt under the terms of this contract.

" In testimony of which we sign our names and set our scrolls.

[Signed]                    "A. M. ALEXANDER,
                            "C. C. ALEXANDER,
                            "WM. H. HUNT."

To this contract is attached a schedule of land certificates referred to in the memorandum. In this list is the following entry: " Estevan Mora, 2 claims, 640, 320; P. 960;" the last named in the list being " Elizabeth Jones, 3902." The caption to this schedule is as follows: " List of W. H. Hunt & Co. land certificates, located and unlocated, of which W. H. Hunt has an undivided one-third." This memorandum is in the handwriting of Wm. H. Hunt. The list of certificates, or the schedule attached thereto, is in the handwriting of one Fraily, who was the clerk of C. C. Alexander, except the last name appearing in the list, " Elizabeth Jones, 3902." This is in the handwriting of W. H. Hunt. This memorandum or agreement, together with the transfer to W. H. Hunt, was among the papers of C. C. Alexander at his death, and has been in the possession of his executor ever since the qualification of the latter, in 1866. The heirs of C. C. Alexander own whatever interest A. M. Alexander had in the land in controversy.

W. H. Hunt died in 1864, C. C. Alexander in 1865, and A. M. Alexander in 1866.

S. B. Allen, the executor of C. C. Alexander, has paid the taxes on these lands since 1866, though it does not seem to have been rendered in the name of the estate in Cooke County. The taxes were paid in Fannin

County, where Allen lived, and were remitted by the tax collector of Fannin to the collector of Cooke County, except for the year 1879, when the land was sold for taxes because of the failure of the collector to remit. From this tax sale the executor subsequently redeemed the property.

Four years prior to the suit the appellees, through their tenant, took possession of the land, fencing about 400 acres. The appellees, though well acquainted with them, did not inform the children of W. H. Hunt of the documents in their possession referring to this land. The children of Hunt, knowing that their father had previous to his death dealt largely in land, had exerted diligent inquiry with reference to his claims. They had no intimation of Hunt's connection with the land in controversy until after the institution of this suit.

The three assignments of error first urged by appellants complain alike, though in different terms, of the court's finding, that Hunt, the ancestor of intervenors, sold the Mora land certificate to Alexander. This conclusion was evidently founded upon the recital contained in the memorandum heretofore set out, and entered therein by Hunt himself, showing that A. M. and C. C. Alexander are the "owners of the certificates described in the schedule hereunto attached." This recital must be deemed binding upon Hunt and upon his privies in blood, in estate, or in law, and to estop him and them from asserting the existence of a state of facts different from that which the recital imports. Kimbro v. Hamilton, 28 Texas, 568.

The fact that the Estevan Mora certificate was issued after the execution of this memorandum or agreement does not affect the correctness of this conclusion, since by its language the agreement affects with its terms and conditions "all surveys which may be added to the attached schedule."

. The court also correctly held that the description of the Mora claim as given in the schedule was sufficient to indicate that this certificate was included in the transfer implied by the contract. The description reasonably identified the certificate or claim as the property intended to be transferred.

Appellants next insist that the court erred in finding "that the evidence is not sufficient to show that Hunt complied with his part of the contract for locating and procuring a patent for the land in controversy." The evidence in the record, notably the recital in the caption preceding the list of claims or certificates attached to the memorandum, that "W. H. Hunt has an undivided one-third" interest in the certificates constituting the list, in connection with the fact that the Mora claim had been patented, indicates that there is probable error in the conclusion complained of. Such error, if it exist, will not require a reversal of the judgment. This action, while in form a suit of trespass to try title, must be

viewed as in reality an action for specific performance, in so far as recovery is sought for the one-third locative interest stipulated for in the written agreement between the Alexanders and Hunt. The defendants pleaded against the recovery thus sought the statute of ten years limitation, and the defense of stale demand. If Hunt performed the locative services claimed by appellants, his cause of action matured with the procuring of the patent obtained in compliance with his locative contract. This patent having issued September 29, 1859, his cause of action then accrued, and the defense of stale demand began its course. Having thus commenced to run during the lifetime of W. H. Hunt, it is unaffected by the coverture or other disabilities of the intervenors; nor is its application changed by the fact, that by analogy to the statute of limitation it was suspended during the period intervening between the 28th day of January, 1861, and the 3d day of December, 1869. Cattle Co. v. Ward, 1 Texas Civ. App., 307.

Appellants seek to avoid the effect of stale demand by the plea that the appellees fraudulently concealed from them their interest in the land in controversy. For the reason that the right to specific performance and the cause of action thereon accrued during the lifetime of W. H. Hunt, and that he, at least, was necessarily apprised of the condition of the property, and that as above indicated the defense of stale demand was incipiently operative against him, it must be deemed to have continued against his heirs, and consequently this plea of fraudulent concealment can not be invoked.

It is therefore unnecessary to consider the plea of ten years limitations set up by appellees, or other questions discussed in the briefs of the parties.

The judgment is affirmed.

                                                              *Affirmed.*

Delivered January 31, 1893.