[Civ. No. 7229. First Appellate District, Division Two.—February 14, 1930.]

EDWARD BUCHANAN SEARS (a Minor), etc., et al., Appellants, v. DR. ERGO A. MAJORS et al., Respondents.

James F. Brennan and P. J. Murphy for Appellants.

Dutton & Gilkey for Respondents.

STURTEVANT, J.—On March 28, 1929, the plaintiffs commenced an action for wrongful death. In the first count of their complaint the plaintiffs alleged that on November 21, 1924, Edward E. Sears suffered an injury to the middle finger of his right hand; that he consulted the defendant Dr. Adams and that the latter treated him; that later the injury developed into tetanus; that the malady proceeded to develop and later caused the death of the decedent; that the defendant by the use of ordinary care should have injected a serum known as anti-tetanic serum, but the defendant negligently omitted to do so; that the said Edward E. Sears died on the third day of January, 1925; that he left surviving him a wife, one of the plaintiffs, and a son, the other plaintiff, who was at the time of the death of his father of the age of fifteen years; that on the twenty-eighth day of March, 1927, the mother was appointed guardian *ad litem* of her son and thereupon this action was commenced by the guardian *ad litem* in behalf of the minor son and by the mother in her own behalf. In the second count the same facts, except as to names and dates, are alleged regarding the defendant Dr. E. A. Majors. The defendants appeared separately and each interposed demurrers to the second amended complaint. The demurrers were sustained without leave to amend and from a judgment entered thereon the plaintiffs have appealed and have brought up the judgment-roll.

The pleadings present the question, Was the complaint barred by the statute of limitations? Both parties concede that in their complaint the plaintiffs attempted to allege a cause of action bringing themselves within the provisions

of section 377 of the Code of Civil Procedure. Both parties agree that at the time the action was commenced the mother was barred by the statute of limitations. (Code Civ. Proc., sec. 340, subd. 3.) However, the plaintiffs contend that the minor son was not barred by reason of the provisions of subdivision 1 of section 352 of the Code of Civil Procedure. The plaintiffs concede that section 377 is based, in part, on the English statute commonly known as Lord Campbell's Act, but they claim that said act has gone through so many changes that it can no longer be said the entire act has been inserted in the Code of Civil Procedure. In this behalf they assert that section 377 gives the rights therein mentioned and adopts and follows the Lord Campbell Act in part only. Continuing, they claim that subdivision 3 of section 340 is an entity unto itself and is a statute of limitations not a part of the cause of action, but a statute applicable to the remedy only. Thereupon they claim that the provisions of subdivision 3 of section 340 of the Code of Civil Procedure do not apply to persons falling within the exceptions defined in subdivision 1 of section 352. Following this line of reasoning, the son, by his guardian, contends that his action was commenced in time and that the action having been saved as to the infant that it was also saved as to the mother. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077].) In reply, the defendants assert that a single joint cause of action is given to the heirs by section 377 of the Code of Civil Procedure, and that the language of the statute permits of no other construction. (Civ. Code, sec. 1431; *Salmon* v. *Rathjens*, 152 Cal. 290, 294 [92 Pac. 733].) Continuing, they claim that the action being barred as to all excepting the infant, that it was also barred as to him. We think the contention is well founded. True, the court has never decided the point with reference to the Code of Civil Procedure, section 377, but the decisions are so closely in point as to be determinative. In the case of *Robertson* v. *Burrell*, 110 Cal. 568 [42 Pac. 1086], the plaintiffs sought to establish title to certain properties as the surviving heirs of their father, who, they alleged, was at the time of his death a partner of defendants' decedent. When their father died he left him surviving a widow and minor children. The widow allowed the action to become barred prior to her

death. At page 577 (of 110 Cal.) the court said: "Where the right of action is joint, knowledge which would bar it as to one would bar it as to all, either in law or in equity (Freeman on Cotenancy, sec. 375; Wait's Actions and Defenses, 279; *Jordan* v. *McKenzie,* 30 Miss. 32; *Hardman* v. *Sims,* 3 Ala. 747); and where a right of action is barred to the ancestor it is barred to his heirs. (*Shortridge* v. *Allen,* 2 Tex. Civ. App. 193 [21 S. W. 419].)" The discussion in section 375 of Freeman on Cotenancy is most exact and instructive. Other text-books state the same rule. (2 Wood on Limitations, 4th ed., p. 1079; 19 Am. & Eng. Ency. 182.)

It must be conceded that the common-law rule was as stated by Judge Freeman. Our statutes are presumed to state the common-law rule unless they expressly otherwise declare. (23 Cal. Jur. 785.) As our statute does not contain anything to the contrary the common-law rule should be applied. As in harmony with what we have said we cite *May* v. *Chesapeake & O. Ry. Co.,* 184 Ky. 493 [212 S. W. 131, 137]; *Napier* v. *Little,* 137 Ga. 242 [Ann. Cas. 1913A, 1013, 38 L. R. A. (N. S.) 91, 73 S. E. 3]; *Pickens* v. *Stout,* 67 W. Va. 422 [68 S. E. 354]; *Settle* v. *Simpson,* 204 Ky. 470 [264 S. W. 1092]; *Williams* v. *Sutton,* 43 Cal. 65, 73. The trial court did not err when it made an order sustaining the demurrers.

The judgment is affirmed.

Nourse, J., and Dooling, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 14, 1930.

All the Justices present concurred.