Patricia BURNS, Administratrix of the Estate of Edward A. Schwartz, Deceased,

v.

Mathias YANOS, Jr., The Texas Company and E. J. Schwartz and Marie Schwartz.

Appeal of The TEXAS COMPANY, Appellant.

Appeal of Mathias YANOS, Jr., Appellant.

Appeal of E. J. SCHWARTZ and Marie Schwartz, Appellants.

Nos. 11775–11777.

United States Court of Appeals Third Circuit.

Argued April 17, 1956.

Decided May 4, 1956.

John B. Hannum, 3d, Philadelphia, Pa. (David E. Abrahamsen, Pepper, Bodine, Frick, Sheetz & Hamilton, Philadelphia, Pa., on the brief), for Texas Co.

John J. McDevitt, 3d, Philadelphia, Pa. (Elston C. Cole, Philadelphia, Pa., for Mathias Yanos, Jr., Peter P. Liebert, 3d, Philadelphia, Pa., for E. J. Schwartz and Marie Schwartz, on the brief), for appellees.

B. Nathaniel Richter, Philadelphia, Pa. (Richter, Lord & Levy, Philadelphia, Pa., on the brief), for Burns.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This appeal grows out of verdict and judgment for the plaintiff in a highway accident case in which the plaintiff's decedent met his death. The suit was originally brought against the Texas Company and Yanos; E. J. Schwartz and Marie Schwartz were added as third-party defendants on motion of the Texas Company. Judgment has been entered against all the defendants.

The accident took place October 29, 1952, on Route 422 near Pottstown, Pennsylvania. The parties are in court by diversity of citizenship only. The driver of the Texas Company's truck stopped on the pavement of a four-lane highway to assist a traveller who had run out of gasoline. The truck was crashed into by a small truck driven by Yanos, employed by the third-party defendants. Edward A. Schwartz, a passenger in the car, was killed.

This Court does not pronounce the law governing the rights and obligations of the parties in this type of case, since both are dependent on Pennsylvania law. Nor will it profit anyone to have us discuss the wealth of Pennsylvania judicial precedent concerning highway accidents. We are aided, in one phase of the case, by the court's discus-

**930**

sion in Griffith v. Weiner, 1953, 373 Pa. 184, 95 A.2d 517.

■ The case was tried and post verdict proceedings were conducted by competent and experienced counsel. The parties had adequate opportunity to have the jury instructed upon such points as they wished to raise. The district judge was right in his view that the evidence affords no reasonable basis for a conclusion that Yanos had acted with due care. We find no ground for reversible error. The judgment of the district court will be affirmed.