YOU DONG MEN, BONG SOON KIM YOU, FRANCIS W. YOU, MINNIE DUNN, ESTRIDGE W. YOU, HENRY W. YOU, MELVIN W. YOU, RICHARD W. YOU AND KATIE YOU *v.* CHO KYUNG AI.

## NO. 3048.

ARGUED JANUARY 4, 1957.                    DECIDED FEBRUARY 1, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

On June 22, 1942, You Dong Men, petitioner, filed a petition for dissolution of partnership and accounting against Cho Kyung Ai, respondent, in the circuit court of the first circuit. Respondent filed her answer on June 29 of the same year. No further proceeding was had until November 16, 1954, when respondent filed suggestion of death of petitioner on February 24, 1948, and moved for substitution of petitioner. Pursuant to such motion, the widow and children of petitioner were substituted as petitioners on the same day. On December 27, 1954, respondent filed a motion for involuntary dismissal of the suit. On January 3, 1955, Edward Y. N. Kim, Esquire, filed his appearance as attorney for substituted petitioners.

On January 8, 1955, Edward Y. N. Kim withdrew, and Kenneth E. Young, Esquire, entered his appearance, as such attorney. The court below heard the motion for involuntary dismissal on January 31, 1955, and rendered its decision on June 6, 1955. It ruled that the suit should be dismissed with prejudice on the following grounds: (a) failure to prosecute under Rule 41 (b) of Hawaii Rules of Civil Procedure, and (b) laches on the part of original petitioner, his personal representatives, widow and heirs. Order of dismissal with prejudice was filed on June 9, 1955. This is an appeal by substituted petitioners from such order.

The instant suit was pending when the Hawaii Rules of Civil Procedure took effect. The order adopting and promulgating such rules provides: "That said rules shall take effect on June 14th, 1954 and shall govern actions and proceedings of a civil nature in the circuit courts of the Territory brought on or after said date except as otherwise provided in said rules, and also all further proceedings in such actions then pending except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice in which event the former procedure applies." Thus, the court could have considered the motion for involuntary dismissal under the new rules, or it could have considered such motion under the old rule applicable to suits in equity. In either case, the granting or denial of such motion was discretionary with the court and the order would not be disturbed on appeal, except for abuse of discretion.

In the new rules the procedure for dismissal for failure to prosecute is set forth in rule 41 (b), which reads: "For failure of the plaintiff to prosecute * * *, a defendant may move for dismissal of an action or of any claim against him." This rule is identical with the Federal rule bearing

the same section number. In his discussion of the Federal rules, Professor Moore states that "Rule 41 (b) clearly places dismissal for failure to prosecute in the court's discretion," and that "Since the order of dismissal for failure to prosecute is discretionary, it will not be disturbed on appeal unless there has been abuse of discretion." (5 Moore's Federal Practice 1036, 1039) The rule applicable to suits in equity prior to the adoption of the new rules was the same as the procedure set forth in rule 41 (b). (*Mason* v. *MacFadden,* 298 Fed. 384, and other cases collected in 43 A. L. R. 923-926)

The court below did not abuse its discretion in granting the motion for dismissal. Rule 26 of the rules of the circuit court of the first circuit, in effect at the time of the adoption of the new rules, provided: "Whenever an issue of fact has been made in an action, suit, cause or proceeding, other than term cases, the same may, upon application of any party thereto, upon forty-eight hours' notice in writing to the other party, be set down for trial on a day fixed by a judge of the court." An issue of fact was made in this suit on June 29, 1942, when respondent filed her answer. Between such date and his death on February 24, 1948, a period of more than five years, petitioner did not take any step to have the case set down for trial. In the meantime, on August 3, 1945, he filed an action against respondent to collect money loaned on January 15, 1944, and on February 17, 1944. Also, on June 14, 1946, his collector filed another action against respondent to collect money loaned by petitioner on November 30, 1944. A motion to advance the case for trial was filed on September 18, 1947, in the first of these actions, and both actions were tried on October 16, 1947. In the circumstance, the lower court would have been justified in dismissing this suit if a motion for such dismissal were filed prior to the death of petitioner.

In equity, failure to prosecute a suit diligently entails the same consequence as laches in filing a suit, and laches of ancestor is chargeable to his widow and heirs. (*Gorman* v. *McAuliffe,* 93 Ga. 295, 20 S. E. 330; *Sanchez* v. *Dow,* 23 Fla. 445, 2 So. 842; *Shortridge* v. *Allen,* 2 Tex. Civ. A. 193, 21 S. W. 419) So, in this suit, failure of petitioner to prosecute it with diligence during his lifetime is a sufficient ground for dismissal and a finding of such failure on the part of substituted petitioners is not necessary to justify dismissal.

Order of dismissal is affirmed.

*Kenneth E. Young* (also on the brief) for appellants.

*Herbert Y. C. Choy* (*Fong, Miho, Choy & Chuck* on the brief) for appellee.