**J. D. TRAIL, Plaintiff,**

v.

**Marmaduke K. GREEN, M. & M. Transportation Co., and Middlesex General Hospital, Defendants.**

**Civ. No. 185–62.**

United States District Court
D. New Jersey.
June 28, 1962.

As Amended July 2, 1962.

Shanley & Fisher, Frederick B. Lacey and Robert G. O'Brien, Newark, N. J., for plaintiff.

Lamb, Langan & Blake, Jersey City, N. J. (H. Curtis Meanor, Jersey City, N. J.), for defendant Middlesex General Hospital.

LANE, District Judge.

Plaintiff, J. D. Trail, on the basis of diversity, has brought a negligence suit against defendants, Marmaduke K. Green, M. & M. Transportation Co., and Middlesex General Hospital. Green and M. & M. Transportation Co. have filed answers. But Middlesex General Hospital, a non-profit corporation of the State of New Jersey organized exclusively for charitable and hospital purposes, in a motion for dismissal, raises the issue of lack of jurisdiction,—contending that the matter in controversy between it and plaintiff does not exceed the sum of $10,-000, exclusive of interest and costs.

On March 9, 1960, plaintiff was a passenger in a truck proceeding upon a New Jersey highway in the vicinity of New Brunswick. A truck owned by M. & M. Transportation Company, and driven by its employee, Marmaduke K. Green, collided with the vehicle in which plaintiff was riding. The injured plaintiff was immediately taken to Middlesex General Hospital. It is asserted that the treatment plaintiff received at the hospital caused further injury, since, allegedly, the hospital had negligently selected an incompetent employee to administer treatment, who, in fact, performed his duties in a negligent manner.

Defendant hospital, in its motion for dismissal, relies upon the provisions of New Jersey Statute 2A:53A–8:

*"Liability to beneficiary suffering damages not exceeding $10,000.* Notwithstanding the provisions of the foregoing paragraph, a nonprofit corporation, society, or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants to an amount not exceeding $10,000.00, together with interest and costs of suit, as the result of any 1 accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $10,-000.00 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor."*

United States district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000. See 28 U.S.C.A. § 1332(a).

Defendant argues that by virtue of the New Jersey charitable immunity statute, supra, the matter in controversy cannot be considered to exceed the sum or value of $10,000. In answer thereto, plaintiff contends that this court has jurisdiction even though the amount recoverable against the hospital will fall below the jurisdictional amount, for the reason the "amount in controversy is determined by the amount claimed in good faith for the damages suffered, and not by the amount which plaintiff may receive after a successful defense." Concededly, there is no reported case exactly on point.

Where personal injury is in federal court by reason of diversity the federal court does not pronounce the law governing the rights and obligations of the parties, since both are dependent on local law. Burns v. Yanos, 232 F.2d 929 (3d Cir. 1956). In Henderson v. Na-

tional Fidelity Life Insurance Co., 257 F.2d 917, 919 (10th Cir. 1958), Judge Murrah states, "The measure of damages * * * is undoubtedly substantive law, as to which state law is controlling." The New Jersey statute limiting the liability to a beneficiary suffering damages to $10,000 from the negligence of a non-profit corporation is clearly a matter of substantive law, hence, applicable.

Defendant contends that the instant case presents a fact pattern wherein the liability of M. & M. Transportation Company and Middlesex General Hospital are not joint but several. As Professor Moore states:

> "Where two or more defendants are joined by the same plaintiff in one suit, the pecuniary test of jurisdiction ordinarily turns on whether the defendants' liability to plaintiff is joint or several. If their liability to plaintiff is joint or integrated, the value of the matters in controversy between them and the plaintiff is the jurisdictional sum' * * " 1 Moore's Federal Practice, ¶0.97 [3], p. 886 [2d Ed. 1960].

> "If liability is several, ordinarily the suit can be sustained only as against those whose respective controversies individually involve matters exceeding the jurisdictional amount." Id. at p. 888.

■■ If, in the case at bar, the jury finds the transportation company liable for the injuries plaintiff received at the collision the company may also be liable for any additional damages inflicted by a physician's negligent treatment. This result would occur if a physician's negligent treatment were a foreseeable intervening cause of plaintiff's ultimate injury. See Prosser on Torts, § 45, p. 230 (2d Ed. 1955); cf. Menthe v. Breeze Corporation, Inc., 4 N.J. 428, 73 A.2d 183, 18 A.L.R.2d 1071 (1950).[1] The jury must, however, deny recovery against the hospital in all events for the injury suffered by plaintiff because of the collision. See Prosser, Ibid.

■ It would appear that we are not confronted here with a single indivisible result incapable of practical division, but with results that are capable of apportionment. A jury is justified in imposing entire liability on one of two defendants only where there is no reasonable alternative. Id. at p. 225. A logical basis may be found in the instant case for distributing damages among the different defendants, if, in fact, liability is placed on all of them. In that event, M. & M. Transportation Company would be liable only for such portion of the total damage as may be properly attributed to the injury resulting from the accident caused by the servant truckdriver's negligence, if any; the hospital would be liable only for such portion of the total damage as may be properly attributed to the injury caused by the representatives of Middlesex General Hospital or the hospital's negligence, if any. This distinction might be difficult; yet it might prove to be the equitable solution if all defendants

---

[1]. The Menthe decision on the topic of intervening causes, states:

"There may be any number of causes and effects intervening between the first wrongful act and the final injurious occurrence and if they are such as might, with reasonable diligence, have ↲een foreseen, the last result as well as the first, and every intermediate result, is to be considered in law as the proximate result of the first wrongful cause. A tort-feasor is not relieved from liability for his negligence by the intervention of the acts of third persons, * * * if those acts were reasonably foreseeable. The theory being that the original negligence continues and operates contemporaneously with an intervening act which might reasonably have been anticipated so that the negligence can be regarded as a concurrent cause of the injury inflicted. One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof although the act of a third person may have contributed to the final result. The law of negligence recognizes that there 'may be two or more concurrent and directly co-operative and efficient proximate causes of an injury. * * *" Id. at 441–442, Id. at 189.

are held negligent. To quote Dean Prosser:

"The difficulty of proof in assessing such separate damages has received frequent mention in all these cases, but it is not regarded as sufficient justification for entire liability. The emphasis is placed upon the logical possibility of apportionment, and the separate invasion of the plaintiff's interests which may be traced to each cause. The difficulty may have been overstated. The courts necessarily have been very liberal in awarding damages where the uncertainty as to their extent results from the nature of the wrong itself. The requirements of proof usually have been somewhat relaxed in such cases, and it has been said that no very exact evidence will be required, and that general evidence as to the proportion in which the causes contributed to the result will be sufficient to support a verdict." Id. at p. 229.

In its essence, the present case on its face lacks the principles of a joint tort, that is, two individuals acting in concert to commit a tort, or two independent acts coalescing to form one indivisible joint result. Rather, it would seem that plaintiff has joined two defendants so a convenient trial can occur, and with the expectation of two judgments accruing. If the liability of the hospital is several, the claim against it cannot be aggregated with the claim against the trucking company to meet the jurisdictional requirement, but must of itself be a matter in controversy exceeding $10,-000, exclusive of interest and costs.

But let us assume arguendo that defendant hospital and defendant transportation company are joined on the theory that plaintiff's injury is single, and the proportion to which each defendant contributed is not in the nature of things ascertainable. Dean Prosser eloquently explains the rationale for holding one of two defendants responsible for the entire liability where a single indivisible result exists:

"Certain results, by their very nature, are obviously incapable of any practical division. * * * No ingenuity can suggest anything more than a purely arbitrary apportionment of such harm. Where two or more causes combine to produce such a single result, incapable of any logical division, each may be a substantial factor in bringing about the loss, and if so, each may be charged with all of it. * * * The duties which are owed to the plaintiff by the defendants are separate, and may not be identical in character or scope, but entire liability rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made." Id. at p. 226.

Under the circumstances of a single indivisible result, the court could usually aggregate the claims against the defendants in order to achieve the requisite jurisdictional amount. See Cornell v. Mabe, 206 F.2d 514, 516 (5th Cir. 1953). Yet, suppose plaintiff's injuries exceed $10,000, and we attempted to aggregate the claims against defendants. The hospital, unlike the ordinary defendant, would still not be responsible for entire liability, but for merely $10,000, in light of N.J.S.A. 2A:53-8.

Therefore, whether the case before us presents controversies capable of separation or an integrated suit incapable of practical division, we face the same issue: Does the United States District Court have jurisdiction of a defendant non-profit hospital wherein plaintiff claims an amount above the jurisdictional requirement, though defendant could never be liable for this sum owing to a New Jersey state statute limiting the liability of non-profit hospitals to an amount not exceeding $10,000?

We must bear in mind examination of the authorities establishes that the acknowledged policy is non-sympathy

to expanding federal jurisdiction in diversity cases.

In Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 349, 350–351, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), Mr. Justice Black states:

"It is true, * * * that the purpose and effect of the 1958 amendment were to reduce congestion in the Federal District Courts partially caused by the large number of civil cases that were being brought under the long-standing $3,000 jurisdictional rule. This effort to reduce District Court congestion followed years of study by the United States Judicial Conference and the Administrative Office of the United States Courts, as well as by the Congress. To accomplish this purpose the 1958 amendment took several different but related steps. It raised the requisite jurisdictional amount from $3,000 to $10,000 in diversity and federal question cases; it provided that a corporation is to be deemed a citizen not only of the State by which it was incorporated but also of the State where it has its principal place of business; and * * * it also * * forbade the removal of state workmen's compensation cases from state courts to United States District Courts. By granting district judges a discretionary power to impose costs on a federal court plaintiff if he should 'recover less than the sum or value of $10,000,' the amendment further manifested a congressional purpose to discourage the trying of suits involving less than $10,000 in federal courts."

Public policy requires that federal courts should not be asked to widen federal diversity jurisdiction. McCoy v. Siler, 205 F.2d 498, 500–501 (3d Cir. 1953). And as said in National Surety Corp. v. Chamberlain, 171 F.Supp. 591, 592 (N.D.Tex.1959):

"Where 'federal jurisdiction is doubtful' the Federal court should dismiss an action, since it 'is justified in assuming jurisdiction only if jurisdiction is clearly shown'. 1 Barron & Holtzoff Fed. Prac. and Proc. Sec. 109, p. 204–5."

While the amount claimed in good faith by plaintiff determines the amount in controversy for jurisdiction purposes, "this rule is subject to the exception that if the law as applied to the cause of action as pleaded results in a lesser amount, the claim will not sustain the court's jurisdiction." National Surety Corp. v. City of Excelsior Springs, 123 F.2d 573, 576, 156 A.L.R. 422 (8th Cir. 1941).

■ The test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. Ronzio v. Denver & R. G. W. R. Co., 116 F.2d 604, 605 (10th Cir. 1941). Because of the New Jersey limitation statute, the judgment in this case could never produce more than $10,000, insofar as defendant hospital is concerned.

"* * * If under the applicable state law it would be legally impossible to recover actual exemplary damages in the amount required for federal court jurisdiction, a claim in a complaint for the required amount will not confer jurisdiction." Thompson v. Mutual Ben. Health & Accident Ass'n, 83 F.Supp. 656, 658 (N.D.Iowa 1949).

Also, see General Accident Fire & Life Assur. Corp. v. Mostert, 131 F.2d 596 (5th Cir. 1942) wherein Texas workmen's compensation law provided that the maximum recovery on an ear injury was $3,000 (the federal jurisdictional amount in 1943); excess of $3,000 was not established, hence the plaintiffs failed to demonstrate the court's jurisdiction.

■ Accordingly, the judicial policy to narrowly construe federal jurisdiction, coupled with the unmistakable fact and legal certainty that plaintiff does not have a reasonable expectation of recovering exclusive of interest and costs an amount within the jurisdiction of this court, compel us to grant defendant's motion by refusing jurisdiction against

the Middlesex General Hospital. See 2 Moore's Federal Practice, ¶8.11, p. 1639 (2d Ed. 1960). Any other result would have the court indulging in fanciful fiction.

Submit an order in conformity herewith.