**Irwin JACOBSON, Executor of the Estate of Jack Jacobson, Deceased, Plaintiff,**

v.

**ATLANTIC CITY HOSPITAL, a New Jersey corporation, Harry P. Goodman, and Lawrence Strenger, Defendants.**

Civ. A. No. 680–66.

United States District Court
D. New Jersey.

Oct. 24, 1966.

Halpern, Schachter & Wohl, by Richard J. Schachter, Somerville, N. J., for plaintiff.

Taylor, Bischoff, Neutze & Williams, by William G. Bischoff, Camden, N. J., for defendants, Atlantic City Hospital, and Harry P. Goodman.

DeBrier & Wallen, by Daniel DeBrier, Atlantic City, N. J., for defendant, Lawrence Strenger.

## OPINION

COHEN, District Judge:

In this malpractice action against a hospital and two physicians, the defendant Atlantic City Hospital attacks the jurisdiction of this court and moves to dismiss the complaint as directed against it.

Plaintiff invokes jurisdiction on the basis of diversity of citizenship and jurisdictional amount.[1] His complaint is directed against defendant, Atlantic City Hospital, acting through its agents and employees, for its alleged negligent failure in preventing decedent's fall from his hospital bed to the floor on July 24th, 1964 resulting in his death thereafter on August 23, 1964; and also against the individual physician-defendants, alleging improper diagnosis of the decedent's condition as well as negligence in his medical care and treatment. Damages are sought on behalf of the estate of decedent, under the New Jersey Survival Act,[2] for the pain and suffering sustained by the decedent prior to his demise, and under the New Jersey Death Act,[3] for the pecuniary losses to his dependent widow and daughter.

Answers have been filed by all defendants. In addition, defendant Strenger filed a crossclaim against his codefendants under the Joint Tort Feasors Contribution Act, R.S. 2A:53A–1 et seq., N.J.S.A. However, the defendant hospital by its present motion challenges the jurisdiction of this Court, contending that under the substantive law of New Jersey its tort liability, if any, as a nonprofit charitable institution is limited by statute to a maximum recovery of $10,000, together with interest and costs of suit.[4]

---

1. 28 U.S.C. § 1332(a) "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—(1) citizens of different States; * * *."

2. N.J.S.A. 2A:31–2.

3. N.J.S.A. 2A:31–1. "When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime."

4. N.J.S.A. 2A:53A–7: Non-profit corporations and associations organized for religious, charitable, educational or hospital purposes; liability for negligence

 No nonprofit corporation, society or association organized exclusively for re-

Counsel for the plaintiff grants that the decedent was a beneficiary of the services of a charitable institution within the meaning of the statute, and therefore, the claim for pain and suffering is limited to a maximum recovery of $10,000. R.S. 2A:53A–8, N.J.S.A. His position is that he represents the estate of the decedent as well as the next of kin. And while he concedes a limitation to the decedent's recovery of damages for pain and suffering, he denies any such limitation to the next of kin for their pecuniary loss, maintaining that they were not beneficiaries, directly or indirectly, of the hospital's services. He further urges that the monetary limitation is not fatally insufficient in the federal jurisdictional sense, as it should be coupled and aggregated with other alleged and recoverable damages in the counts against all defendants for joint tort, thus carrying his complaint beyond the jurisdictional requisite of damages in excess of $10,000. Additionally, plaintiff contends that the claim under the Death Act for the defendant next of kin is an independent statutory action outside the scope of the partial immunity statute.[5] And furthermore, plaintiff urges, the tort in suit was the result of the concerted conduct of all defendants, making the damage element indivisible, as distinguished from separate and several.

Counsel for the defendant hospital counters the contentions of plaintiff urging that the partial immunity statute protects it against claims asserted by any person who has been a beneficiary, directly or indirectly, of its nonprofit, charitable services, and that such a classification includes the interests which the plaintiff represents. It contends further that the New Jersey Death Act, although providing a cause of action for survivors, pertains principally to the establishment of rights of distribution with respect to the decedent's estate, and hence falls within the immunity statute.

Such, in summary, are the contentions and arguments of the parties on this motion.

 This being a diversity action, the substantive law of New Jersey controls the rights and liabilities of the parties. 28 U.S.C. § 1652; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Nolan v. Transocean Air Lines, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed. 2d 571 (1961); King v. Order of etc. Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); Burns v. Yanos, 232 F.2d 929 (3 Cir. 1956). However, the threshold inquiry is to the federal juris-

---

ligious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence. L.1959, c. 90, p. 221, § 1.

N.J.S.A. 2A:53A–8: Liability to beneficiary suffering damages not exceeding $10,000

Notwithstanding the provisions of the foregoing paragraph,[1] any nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants to an amount not exceeding $10,000.00, together with interest and costs of suit, as the result of any 1 accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $10,000 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor. L.1959, c. 90, p. 222, § 2.

1. Section 2A:53A–7.

5. See Note 3, ante.

dictional amount of recoverable damages.

There is no dispute regarding the classification of the defendant hospital as a nonprofit eleemosynary corporation, R.S. 15:1–1 et seq., N.J.S.A., within the meaning of the New Jersey charitable immunity provisions of R.S. 2A:53A–7 and 8 et seq. N.J.S.A.[6] The action by the plaintiff is in two phases: on behalf of the decedent's estate and on behalf of dependent next of kin. The legal questions at the core of the problem are, whether the multiple claims against the individual defendant physicians can be aggregated with the claim against the defendant hospital on behalf of the estate in order to meet the requisite jurisdictional amount; and whether, the next of kin are recipients of the beneficence of the defendant hospital within the meaning and scope of the immunity statute, supra, and consequently limited in possible recovery of damages to a maximum of $10,000, thereby defeating the jurisdiction of this Court; and further, if the next of kin are beneficiaries under the statute, can the limited claim against the hospital be aggregated with those against the other defendants in order to provide the jurisdictional amount?

 The plaintiff urges with considerable persuasion that the concurrent negligence of all three defendants was logically integrated, in proximately producing the ultimate tortious result,[7] i. e., the ensuing death of the decedent. The "indivisible joint tort" theory, advanced for the purpose of aggregating personal injury damage claims in order to invoke federal jurisdiction, was considered in Trail v. Green, 206 F.Supp. 896 (D.C.N.J.1962), an opinion by Judge Lane of this Court. In that case, the defendants were a driver of a truck involved in a collision with the plaintiff, and the hospital where the latter was taken for treatment of his personal injuries. There, the court found the torts, if any, to be separate acts. However, at page 899, the following pertinent observation is made:

"Under the circumstances of a single indivisible result, the court could usually aggregate the claims against the defendants in order to achieve the requisite jurisdictional. amount. See Cornell v. Mabe, 206 F.2d 514, 516 (5th Cir. 1953). Yet suppose plaintiff's injuries exceed $10,000, and we attempted to aggregate the claims against defendants. The hospital, unlike the ordinary defendant would still not be responsible for entire liability, but for merely $10,000 in light of N.J.S.A. 2A:53–8. (now 2A:53A–8) (parentheses supplied)

"Therefore, whether the case before us presents controversies capable of separation or an integrated suit incapable of practical division, we face the same issue: Does the United States District Court have jurisdiction of a defendant non-profit hospital wherein plaintiff claims an amount above the jurisdictional requirement, though defendant could never be liable for this sum owing to a New Jersey state statute limiting the liability of

---

6. See Note 4, ante.

7. In answer to interrogatories, plaintiff states that defendant Doctor Goodman misdiagnosed decedent's condition as coronary failure and treated him for that condition until July 23 or 24, 1964, at which time the diagnosis was changed to cerebral aneurism and treatment was for the latter condition. (Answer to Interrog. 10.) And further that his failure to supervise decedent at hospital resulted in his fall out of bed.

The specification of negligence against defendant Doctor Strenger is that he,

as a brain surgeon, improperly recommended surgery and failed to advise as to the risks thereof. (Answer to Interrog. 22.)

As against the defendant hospital, the specification of negligence is substantially that it and its servants failed to provide nurses and supervision of decedent to prevent his fall out of the hospital bed on the day following his arrival at the defendant hospital. (Answer to Interrog. 41.)

non-profit hospital to an amount not exceeding $10,000?"

The Court concluded that the case did not meet the jurisdictional test because of the limitation of recovery by the New Jersey statute, pointing out that federal courts will not expand their jurisdiction to accommodate litigants, so that where jurisdiction is doubtful in a diversity action the Court should dismiss the action. National Surety Corp. v. Chamberlain, 171 F.Supp. 591, 592 (N.D.Tex. 1959). Such thinking accords with the opinion of this Court in the present matter, so that the count for pain and suffering alleged against the defendant hospital will be dismissed for lack of jurisdiction.

The question of whether the partial immunity statute, 2A:53A–8, limits recovery under the Death Act to an extent which would fall below our jurisdictional amount appears to be one of first impression. While this issue is controlled by the substantive law of New Jersey, its courts have been silent thereon. In such a situation, resort must be had to an ascertainment of what, in the opinion of this federal court, the New Jersey Court of last resort would most probably determine, if presented with such a concrete case, as here. Rules of Decisions Act, 28 U.S.C. § 1652. As stated by this Court in Caporossi v. Atlantic City, New Jersey, 220 F.Supp. 508 at page 514 (D.C.N.J.1963); (aff'd per curiam 328 F.2d 620 [3 Cir. 1964], cert. den. 379 U.S. 825, 85 S.Ct. 51, 13 L.Ed.2d 35 [1964]):

> "In such actions, as here, the Federal District Court is but another forum of the state courts and is compelled to make such determination as would a state court on the precise issue presented to it."

See also, Brown v. Moore, 247 F.2d 711, 714, 718 (3 Cir. 1957).

The Death Act, supra, has had ample analysis and construction by New Jersey courts. Turon v. J. & L. Construction Co., 8 N.J. 543, 86 A.2d 192 (1952). The statute created a cause of action for wrongful death, which did not lie at common law, and provides for a particular class of dependent beneficiaries. However, research has disclosed no reported decision in New Jersey determining whether such a class of dependent beneficiaries, when bringing an action against a nonprofit charitable hospital, is to be considered within the limitation of Section 8 of the Immunity Act, 2A: 53A. Some assistance in resolution of the problem is found in the fact that both New Jersey statutes are *remedial* in nature. Section 10 of the Immunity Statute, adopted in 1959, provides:

> "This act shall be deemed to be remedial and shall be liberally construed so as to afford immunity to the said corporations, societies and associations from liability as provided herein in furtherance of the public policy for the protection of nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes. * * *"

Prior to this enactment, the immunity doctrine for nonprofit charitable institutions in New Jersey was declared by its courts in 1925, as a judicial pronouncement of the State's public policy. D'Amato v. Orange Memorial Hospital, 101 N.J.L. 61, 127 A. 340 (E.&A.1925). However, changing social conditions and expanding concepts of justice called for balancing of the rights of injured innocent persons against immunities judicially evolved, and led the Supreme Court of New Jersey, in April of 1958, to reexamine the doctrine of immunity, and to reject it as having little or no real historical basis or social justification. Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29, 141 A.2d 276 (1958). However within a year, March 1959, the New Jersey Legislature taking its cue from that decision enacted Sections 7 and 8 of Title 2A:53A, of Revised Statutes of New Jersey.[8] Thus, by this enactment, the Legislature declared that its public policy was at variance with the

---

8. See Note 4, ante.

judicial rejection of tort immunity for charitable hospitals. For by its action it established statutory immunity, but also created an exception in providing limited recovery in a particular instance, i. e. beneficiaries of hospital services, as stated in Section 8 of the Act. As pointed out by Judge Wortendyke of this Court in Taylor v. United States, 233 F.Supp. 1008 (D.N.J.1964), Section 8 of 2A:53A, permitting limited recovery, must be construed with Section 7 of the Act, the latter of which clothes nonprofit charitable hospitals with the absolute immunity bestowed by judicial decisions prior to *Collopy*. So also must Sections 9 and 10 be read with these sections, the former of which makes the Act functional and the latter providing that it is remedial and shall be liberally construed to give effect to its express purposes, i. e., protection of nonprofit, charitable hospitals against negligence claims, with limited recovery for certain beneficiaries of the hospitals' services. Such then, is the state of the law in New Jersey at the present time.

■■ Both the Immunity Act, and the Death Act, supra, are remedial statutes. R.S. 2A:53A–10, N.J.S.A.; *Turon,* supra. In considering whether the claims under the Death Act are beyond the limitation of the Immunity Statute and hence provide the jurisdictional amount in excess of $10,000, this issue hinges on whether the dependents of the decedent are to be classified, as a matter of law, as beneficiaries within "whatever degree" of the services and benefactions of the defendant hospital. While it is true, as contended by the plaintiff, that the New Jersey Death Act gives rise to an independent cause of action for pecuniary loss sustained from wrongful death, the cause of action comes into being because of the legal relationship of dependent next of kin to the beneficiary decedent. *Turon,* supra. This class of statutory beneficiaries had a community of interest with the decedent as well as a beneficial interest in the hospital services rendered to him, and in his survival, commensurate with those that

he himself had in his lifetime. Such beneficial interests were inextricably interwoven with those of the patient-decedent. Among these interests were their rights to the continued services of the decedent, education, maintenance, support, discipline, guidance, and the husband-parent role in coalescing a harmonious family relationship. One of such interests is, as stated in *Turon,* supra, 8 N.J. at 556, 86 A.2d at 198: "[a] reasonable expectation of pecuniary advantage from the continuance of the life of the deceased." Upon his demise, it is the extinction of these very dependent beneficial interests which provides them with the basis for a damage action. Their interests arise out of their identification with and dependence upon their decedent benefactor. It is the relationship to the decedent that gives rise to derivative rights and benefits. It seems clear in logic that had the decedent survived, Section 8 of the Immunity Statute would have limited his recovery. The Death Act should not be expanded to permit any greater recovery by his dependent next of kin than he had, thereby defeating the expressed intention of the Legislature set forth in the Immunity Statute. Certainly, the Legislature was cognizant of its own Death Act originally passed in 1848, L.1848, p. 151, as amended, when it enacted the Immunity Act in 1959, the latter of which provides for specifically limited recovery. Both statutes being remedial, effect should be given to both without doing violence to either. As stated by the Supreme Court of New Jersey in *Turon,* 8 N.J. at page 556, 86 A.2d at page 199:

"The reconciliation of apparently conflicting statutes judged by the letter alone, to conform to the spirit of the legislation as a whole is a common exercise of the judicial interpretive function."

In the opinion of this Court, the statutes in question not only do not conflict, rather they were intended to be compatible. In construing them together, they lead to the conclusion that the next of kin are *beneficiaries* within the meaning

of R.S. 2A:53–8, N.J.S.A., thus, any possible recovery would fall below the requisite federal jurisdictional amount. Furthermore, the claim of the estate for pain and suffering, and the claim of the next of kin for pecuniary loss against the defendant hospital both fail to meet the jurisdictional amount, nor can they be aggregated together or joined with the claims against the other individual defendants.

Therefore, for the reasons assigned, the motion of the defendant hospital to dismiss the complaint as against it will be granted.

Counsel for the defendant hospital shall submit an appropriate order.