See also D.C., 42 F.R.D. 587.

**Mrs. Marjorie Green SMITH and Richard L. Smith**

v.

**MARYLAND CASUALTY COMPANY and Insurance Company of North America.**

**Civ. A. No. 15443.**

United States District Court
E. D. Louisiana,
New Orleans Division.
Oct. 17, 1968.

Kenneth Manuel, New Orleans, La., for Mrs. Marjorie Green Smith, plaintiff.

John H. Brooks, New Orleans, La., for Richard L. Smith, plaintiff.

Francis G. Weller, New Orleans, La., for Maryland Casualty Co., defendant.

Allen R. Fontenot, New Orleans, La., for Insurance Co. of North America, defendant.

## RULING ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

RUBIN, District Judge:

On April 7, 1964 a hysterectomy and appendectomy were performed on Mrs. Marjorie Green Smith at Touro Infirmary. When requested to stand following her operation she discovered a pain in her left foot and was unable to walk. Her injury was diagnosed as a fracture of her left foot and her foot was placed in a cast. Following the hospitalization she allegedly required psychiatric treatment at Southern Baptist Hospital. This action was filed on March 31, 1965, under the Louisiana Direct Action Statute, against the insurers of the hospital and the physician who performed the operation. Her husband, as head and master of the community of acquets and gains, joined as a plaintiff seeking to recover present and future medical expenses, lost wages, and loss of services. On March 15, 1968, after this suit was filed, Mrs. Smith secured a judgment of separation from her husband.

Defendants urge that the husband's claim was not made in "legal" good faith and that events subsequent to the filing of the suit indicate that any recovery by the husband would be less than the jurisdictional amount.

Unless it is legally certain that a plaintiff's claim fails to meet the jurisdictional amount requirement,[1] the plaintiff's good faith claim is the "amount in controversy" to be tested.[2] Where the claim for the jurisdictional amount is manifestly in bad faith and without merit, the suit should not be entertained. But the merits of the case should not be decided in making that determination.

Defendants offer the separation judgment rendered in 1968 and claim that, since the judgment terminated the community that previously existed between the parties, the plaintiff-husband can no longer claim any personal responsibility for future expenses arising from the alleged accident. Although the amount of actual recovery may be diminished because of developments subsequent to the filing of the suit, the amount in controversy is measured as of the time the action was filed in federal court.[3] Necessarily, the court's jurisdiction is determined when a suit is filed; subsequent events cannot divest that jurisdiction once it has been acquired.

The motion of defendants Maryland Casualty Company and Insurance Company of North America to dismiss for lack of jurisdiction is therefore denied.

1. See, e.g., Jacobson v. Atlantic City Hospital, 1966, D.C.N.J., 259 F.Supp. 836, and Trail v. Green, 1962, D.C.N.J., 206 F.Supp. 896, both involving statutory limitation of liability to less than the jurisdictional amount.

2. St. Paul Mercury Indem. Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Wade v. Rogala, 1959, 3 Cir., 270 F.2d 280.

3. St. Paul Mercury Indem. Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.