**GENERAL ACC. FIRE & LIFE ASSUR.**

**CORPORATION, Ltd., v. MOSTERT.**

**No. 10251.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1942.

M. S. McCorquodale and Jno. C. Williams, both of Houston, Tex., for appellants.

Douglas W. McGregor, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

N. J. Mostert made a claim for compensation before the Texas Industrial Accident Board for an industrial injury. He was awarded payments aggregating $1,-350.00. The insurer, appellant here, brought suit in the district court to set the award aside, alleging as the basis of federal jurisdiction diverse citizenship and an amount involved in excess of $3,000. Mostert moved to dismiss because the amount in controversy is less than $3,000. No evidence was taken, but a certified copy of the papers before the Board appears in the record and was considered in rendering judgment. The suit was dismissed for want of jurisdiction and this appeal questions that judgment.

It is conceded that under the Texas Compensation Law, Vernon's Annotated Civil Statutes of Texas Art. 8306, a suit to set aside an award opens up for trial de novo the claim filed with the Board; and we assume, as the parties do, that the amount here in controversy is the largest amount that could be recovered under the claim. The claim names no sum, but states the nature and extent of the injury thus: "Hot metal stuck to edge of left ear drum causing terrible pain and deafness; ear has been ringing since, frequent earache with pain running down along jaw bone, incised ear drum did not heal. So I cannot bear

either wind or water in it." His supporting affidavit states, "Molten metal fell into left ear causing loss of hearing, constant ringing in ear, frequent severe pains, cannot allow either wind or water in ear because of unhealed drum." Claimant's weekly wages are stated, on which compensation is based, and the maximum allowable can be figured. Counsel agree that if injury to the ear is alone claimed, the maximum cannot exceed $3,000. If a general bodily injury is claimed also, the maximum will exceed $3,000. We think an injury to the left ear alone is claimed. The pain mentioned as running down along the jaw bone evidently originates from the ear. It is not claimed the jaw bone is injured, or any other portion of the body. The burden of establishing federal jurisdiction is on him who alleges it. Buck v. Gallagher, 307 U.S. 95, 59 S.Ct. 740, 83 L.Ed. 1128; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. That burden is not well carried.

Judgment affirmed.