**PROGRESSIVE SPECIALTY INSURANCE COMPANY,**
Plaintiff,

v.

**Debra NOBLES and Jeffery Owens, Defendants.**

**Civil Action No. 95–D–687–N.**

United States District Court,
M.D. Alabama,
Northern Division.

April 12, 1996.

R. Larry Bradford, Bradford & Donahue, P.C., Birmingham, AL, for plaintiff.

Stuart C. DuBose, Jackson, AL, for Debra Nobles.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is before the court on defendant Debra Nobles' ("Ms. Nobles") "motion to transfer" filed March 12, 1996, which the court construes as a motion to remand the above-styled action to the Circuit Court of Mobile County, Alabama, so that it may be consolidated with *Debra Nobles v. Progressive Specialty Insurance Company, et al.,* (Civil Action No. 95–3607), currently pending in that court. Plaintiff Progressive Specialty Insurance Company ("Progressive") filed a response in opposition on March 25, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that the above-styled action is due to be remanded.

## PROCEDURAL HISTORY AND FACTS

Henry Lee Nobles, Ms. Nobles' husband, died in a one-vehicle accident on November 9, 1994. At the time of his death, he was riding as a passenger in an automobile driven by Jeffery Lee Owens ("Mr. Owens"), but owned by Ms. Nobles. Ms. Nobles had retained uninsured motorist insurance with Progressive on all three of her automobiles, including the one involved in the accident in question. After the accident, Ms. Nobles filed an uninsured motorist claim with Progressive pursuant to each of her Progressive policies seeking benefits under the policies for the loss of her husband. Progressive contends that none of the vehicles owned by Ms. Nobles and covered by Progressive was an "uninsured motor vehicle" within the meaning of its insurance policies. Ms. Nobles argues that, even though the automobile involved in the accident may arguably be excluded from coverage, the other two automobiles should be covered because the clause which excludes the other two vehicles is contrary to public policy.

On May 23, 1995, Progressive filed the above-styled action requesting the court to issue a declaratory judgment against Ms. Nobles and defendant Jeffery Lee Owens ("Mr. Owens"). In its complaint, Progressive asks the court to find that (1) Progressive does not have a legal duty to defend or indemnify Mr. Owens for any potential claim against him by Ms. Nobles and (2) Progressive does not have a duty to provide uninsured motorist benefits for Ms. Nobles, as the personal representative of her deceased husband. Ms. Nobles then filed an answer on March 12, 1996, which included a four-count counterclaim against Progressive and Mr. Owens.[1] Specifically, Count I is brought against Mr. Owens and Counts II–IV are brought against Progressive.

In its complaint, Progressive asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332(a). In this regard, Progressive notes that the sum of the policy limits of the three Progressive insurance policies in question amounts to $60,000. Progressive further argues that Ms. Nobles' crossclaim against Mr. Owens appears to seek damages in excess of the jurisdictional amount necessary for this court to exercise jurisdiction. Finally, Progressive contends that a settlement demand letter sent by counsel for Ms. Nobles to Progressive on April 4, 1995, wherein Ms. Nobles requested that Progressive pay Ms. Nobles $60,000 to settle any potential claims she might have against Progressive, indicates that the jurisdictional amount is met for purposes of diversity jurisdiction.

Ms. Nobles contends, on the other hand, that the amount of damages she seeks does not exceed the minimum jurisdictional amount required for the court to exercise diversity jurisdiction. In this regard, she notes that she seeks only $40,000 against the defendants in the *ad damnum* clause in her counterclaim/cross-claim.

## DISCUSSION

The Eleventh Circuit recently held that when an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the

---

1. The court notes that Ms. Nobles' counterclaim against Mr. Owens will be construed as a crossclaim because Mr. Owens is a co-defendant. Therefore, the court will refer to Ms. Nobles' "counterclaim" as her counterclaim/cross-claim when discussing the claims against Mr. Owens and Progressive together.

defendant is "required to prove to a legal certainty that plaintiff, if [he or] she prevailed, would not recover below $50,000." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). In other words, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000." *Id.* at 1096. This holding applies even where a plaintiff seeks both compensatory and punitive damages. *Id.* at 1097.

■ In the instant action, Ms. Nobles has filed a counterclaim/cross-claim in which she specifically requests in her *ad damnum* clause an amount of damages less than the jurisdictional amount. While the court recognizes that Ms. Nobles is a party defendant in this action rather than the plaintiff, the court finds that the *Burns* holding equally applies here because her counterclaim/cross-claim provides the basis for determining the amount in controversy in the underlying lawsuit filed by Progressive. Therefore, the court will apply the *Burns* "legal certainty" standard to the instant action.

As noted above, the instant action involves three insurance policies, each of which has a policy limit of $20,000. Importantly, Progressive has not submitted any evidence indicating that Ms. Nobles would recover an amount equal to the sum of the policy limits on her claims against Progressive as to each policy. In fact, it appears that she is seeking less than the policy limits, given that she specifically seeks only $40,000 in uninsured motorist benefits. In any event, because Progressive has not produced any evidence that would show that an award of less than $50,000 is outside the realm of possible damage awards by a jury, the court finds that Progressive has failed to carry its burden of proving to a legal certainty that the amount of damages sought exceeds the jurisdictional amount of $50,000. *See id.*

■ Progressive also contends that, even if Ms. Nobles' counterclaim against Progressive seeks less than $50,000, Ms. Nobles' crossclaim against Mr. Owens seeks in excess

of the jurisdictional amount necessary for this court to exercise diversity jurisdiction. This argument appears to be an attempt by Progressive to avoid the legal certainty test required by *Burns* in the instant action because if the court were to find that the *ad damnum* clause in Ms. Nobles' "counterclaim" only applies to Ms. Nobles' counterclaim against Progressive and not to Ms. Nobles' crossclaim against Mr. Owens, it would apply a less stringent test. In this regard, the court notes that Ms. Nobles has not filed a separate crossclaim against Mr. Owens; instead, her cross-claim is styled as part of a four-count counterclaim against both defendants. Furthermore, Ms. Nobles has a single *ad damnum* clause at the conclusion of the entire pleading against both defendants.[2] Based on these facts, the court finds that Ms. Nobles cross-claim and counterclaim should be treated together for the purpose of determining to which claims the *ad damnum* clause applies. Thus, the court concludes that Ms. Nobles is seeking the sum of $40,000 against Mr. Owens and Progressive.

■ Last, Progressive notes that counsel for Ms. Nobles demanded $60,000 to settle the instant action in a letter dated nearly a year before Ms. Nobles filed her counterclaim/cross-claim. There is no question that the court may consider the settlement offer in determining whether the case should be remanded. *See id.* Nevertheless, while the letter is persuasive, the court finds that Ms. Nobles' settlement offer, especially given the time it was made, is not significant enough to overcome the specific request in her *ad damnum* clause contained in her counterclaim/cross-claim filed only a few weeks ago. In making this determination, the court relies on a similar situation in *Burns,* where the court determined that, while a settlement offer "counts for something," a settlement offer, "by itself, may not be determinative." *Id.* Here, the court further finds that the settlement offer made by Ms. Nobles' counsel is even less significant than the offer made by the plaintiff in *Burns* because the settlement offer in the instant action was made

---

**2.** In fact, Ms. Nobles states in her motion to remand that she only seeks $40,000 in her coun-

terclaim. *See* Ms. Nobles' Mot. to Remand at ¶¶ 2, 4.

prior to the time Ms. Nobles filed her counterclaim/cross-claim against the defendants. In any event, the court finds that the *Burns* decision binds this court to use the legal certainty test because a specific amount is sought in an *ad damnum* clause. Under such a test, the court further finds the fact that a settlement offer was made for an amount in excess of the jurisdictional amount is insufficient to prove to a legal certainty that an award of less than the jurisdictional amount is outside the range of permissible awards Ms. Nobles might recover. *Id.* at 1096.

In making its decision, the court also relies heavily on the fact that, because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). As such, all doubts must be resolved in favor of a remand to state court. *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala. 1992). Based on the relevant case law and the facts of the instant action, even considering the settlement offer, the court finds that there is some doubt whether the defendants have proven **to a legal certainty** that the damages which Ms. Nobles would recover would amount to more than $50,000. Accordingly, the court finds that this action is due to be remanded.

In conclusion, while the court does not call into question the integrity or promise made herein by counsel for Ms. Nobles, the court emphasizes that should the Ms. Nobles hereafter disregard her decision to seek less than $50,000 and instead seek damages in excess of $50,000, that upon application to this court, **sanctions will be swift in coming and painful upon arrival.** *See State Farm Fire & Casualty Co. v. Dunnam,* No. 90–0090–BH (S.D.Ala. May 16, 1990). The court gives this advice because it would have applied a less burdensome standard if Ms. Nobles had not specifically sought an amount of damages below the jurisdictional amount in her *ad damnum* clause. *Bolling v. Union National Life Ins. Co.,* 900 F.Supp. 400, 404 (M.D.Ala. 1995) (the burden is on the defendant to prove by a **preponderance of the evidence** that the amount exceeds the jurisdictional

amount if the plaintiff has not sought a specific amount of damages) (emphasis added).

Based on the foregoing, it is CONSIDERED and ORDERED that this action be and the same is hereby remanded to the Circuit Court of Mobile County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.