**CONFERENCE AM., INC., Plaintiff,**

v.

**Q.E.D. INT'L, INC., Defendant.**

**No. Civ.A. 99–D–212–N.**

United States District Court,
M.D. Alabama,
Northern Division.

June 4, 1999.

Thomas S. Lawson, Jr., Barbara J. Gilbert, Montgomery, AL, for plaintiff.

E. Martin Bloom, C. Mark Bain, Birmingham, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand, filed on March 26, 1999 with its Memorandum Of Law In Support Of Motion To Remand ("Memorandum"). Defendant filed a Response To Plaintiff's Motion To Remand ("Response") on April 14, 1999, and Plaintiff filed a Reply In Support Of Motion To Remand ("Reply") on April 14, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an Alabama corporation, and Defendant is a foreign corporation. On January 22, 1999, Plaintiff filed a two-count Complaint in the Circuit Court of Montgomery County, Alabama, alleging that Defendant owes Plaintiff $69,052.21 "due by open account" (Count I) or "for work and labor done by Plaintiff" (Count II).

On March 3, 1999, Defendant removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On the same date, Defendant filed its Answer and Counterclaim in this court. In the Counterclaim, Defendant alleges that Plaintiff breached a contract with Defendant and that Defendant suffered damages of $75,000.00. Thus, in the Notice of Removal, Defendant claims that the requisites of diversity jurisdiction are satisfied because: (1) the Parties are diverse; and (2) the amount in controversy exceeds $75,000 because the aggregate of Plaintiff's damages and Defendant's damages is greater than $75,000.

Plaintiff filed its Motion To Remand on March 26, 1999. Plaintiff contends that the Counterclaim should not be considered as part of the amount in controversy and, therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332 is not satisfied.[1]

### DISCUSSION

Generally, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A civil action is removable to federal court pursuant to 28 U.S.C. § 1441(b) if it is one "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

---

1. The court notes Plaintiff's additional argument that, even if the Counterclaim is to be considered, the amount in controversy is not sufficient because the two sums are not to be aggregated, and neither sum alone exceeds $75,000, as required under 28 U.S.C. § 1332. Because the court finds that it is inappropriate to consider Defendant's Counterclaim as part of the amount in controversy in the removal context, the court declines to address Plaintiff's other argument.

shall be remanded. *See* 28 U.S.C. § 1447(c).

■ Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed, *see Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and all doubts must be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990)); *see also Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992). Further, it is well-settled that the Defendant, as the party removing this action to federal court, has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996).

■ A district court has original jurisdiction over all cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

■ The issue in the present case concerns the amount-in-controversy requirement of 28 U.S.C. § 1332 as applied in the context of removal. Defendant claims that this requirement is satisfied because the aggregate of its Counterclaim, $75,000, and Plaintiff's claim, $69,052.21, exceeds $75,-000. Defendant bases its argument on the holding enunciated in *Premier Indus. Corp. v. Texas Indus. Fastener Co.,* 450 F.2d 444 (5th Cir.1971),[2] and *Liberty Mut. Ins. Co. v. Horton,* 275 F.2d 148 (5th Cir. 1960), *aff'd,* 367 U.S. 348, 81 S.Ct. 1570, 6

L.Ed.2d 890 (1961), wherein the court stated that "the jurisdictional amount may be established by considering the amount alleged by the counterclaim in aggregate with the main claim." *Premier,* 450 F.2d at 447; *see also Horton,* 275 F.2d at 152.

Defendant's reliance on the holding in *Premier* and *Horton* is misplaced, however. Both *Premier* and *Horton* concern the validity of diversity jurisdiction where the actions were originally filed in federal court, rather than in the removal context. In the instant case, the action was originally filed in state court and removed to this court. The court finds this difference to be significant because of policy considerations that arise in the removal context. In *Burns,* the Eleventh Circuit stated that, "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his [or her] own claim." 31 F.3d at 1095 (citations omitted). "Defendant's right to remove and plaintiff's right to choose his [or her] forum are not on equal footing," *Id.;* that is, "unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* In consideration of these concerns, the court finds that a counterclaim should not be considered when determining whether the amount-in-controversy requirement of § 1332 is satisfied in the context of removal.

The Eleventh Circuit has explicitly stated that a court "must look to *plaintiff's claim* to determine whether removal [is] appropriate." *Id.* at 1095 (emphasis added). To consider Defendant's Counterclaim, therefore, would contravene the Eleventh Circuit's dictates as a counterclaim is not part of a plaintiff's complaint. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh circuit. *See*

Further, the Eleventh Circuit has stated that it is "unwilling, without congressional guidance, to construe the removal statute in such a way that it would expand federal court jurisdiction...." *Id.* at 1097. It is the opinion of this court that to permit consideration of counterclaims when determining the amount in controversy for removal jurisdiction would expand federal jurisdiction, contrary to the Supreme Court's interpretation of the legislative history and language of the statutes governing removal. *See Shamrock Oil,* 313 U.S. at 107, 61 S.Ct. 868.

Moreover, the court notes that subsequent decisions rendered by district courts in the Fifth Circuit have found the holding of *Premier* and *Horton* to be inapplicable in the removal context. *See, e.g., Moseley & Standerfer, P.C. v. Han,* No. 3:98–CV–2171–L, 1999 WL 305107, *1 (N.D.Tex. May 11, 1999) (upon consideration of removal jurisdiction, finding that "[*Horton*] was not a removal case is an important distinction here" and "[c]ounterclaims are subsequent events that should not be considered in evaluating the amount in controversy"); *Gulf–South Piling & Constr., Inc. v. Traylor Bros., Inc.,* No. 97–0861, 1997 WL 332410, *2 (E.D.La. June 12, 1997) (stating that "the majority of district courts within this circuit have not followed the Fifth Circuit's 'long established rule' formulation [of *Liberty Mutual*] when deciding whether counterclaims should be considered in the amount in controversy" in the removal context and holding that counterclaims should not be so considered); *Meridian Aviation Serv. v. Sun Jet Int'l,* 886 F.Supp. 613, 615 (S.D.Tex.1995) (same).

Additionally, the majority of courts in other circuits have held that the amount in controversy for removal purposes is to be determined solely by referring to the plaintiff's complaint and without regard to any subsequently filed counterclaims. *See, e.g., Central Associated Carriers, Inc. v. Nickelberry,* 995 F.Supp. 1031, 1034–36 (W.D.Mo.1998) (finding that the amount in controversy requirement for removal purposes cannot be met by considering a defendant's counterclaim); *Mesa Indus., Inc. v. Eaglebrook Prod., Inc.,* 980 F.Supp. 323, 326–27 (D.Ariz.1997) (same); *Continental Ozark, Inc. v. Fleet Supplies, Inc.,* 908 F.Supp. 668, 672 (W.D.Ark.1995) (same); *Distler v. Nationwide Ins. Co.,* No. 94–0999, 1994 WL 158918, at *3 (E.D.Pa. Apr. 28, 1994) (same); *Martin Pet Prod. (U.S.), Inc. v. Lawrence,* 814 F.Supp. 56, 58 (D.Kan.1993) (same); *Oliver v. Haas,* 777 F.Supp. 1040, 1042 (D.Puerto Rico 1991) (same); *cf. Spectacor Management Group v. Brown,* 131 F.3d 120, 126 (3d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998) (where court considered diversity jurisdiction in case originally filed in federal court, stating that "reliance upon cases addressing issues surrounding removal jurisdiction does not assist us"). *But see Swallow Assoc. v. Henry Molded Prod., Inc.,* 794 F.Supp. 660 (E.D.Mich.1992) (finding that counterclaims may be considered in determining amount in controversy in case removed to federal court); *Congaree Broadcasters, Inc. v. TM Programming, Inc.,* 436 F.Supp. 258, 262 (D.S.C.1977) (same); *Lange v. Chicago, R.I. & P.R. Co.,* 99 F.Supp. 1, 3 (S.D.Iowa 1951) (same).

Based on the foregoing, the court finds that Defendant's Counterclaim should not be considered in determining the amount in controversy in the context of removal jurisdiction.[3] Absent consideration of the Counterclaim, Plaintiff's Complaint could

---

3. The court notes that, in *Progressive Specialty Ins. Co. v. Nobles,* upon consideration of a motion to remand, it stated that a "counterclaim/crossclaim provides the basis for determining the amount in controversy in the underlying lawsuit filed by Progressive." 928 F.Supp. 1096, 1098 (M.D.Ala.1996) (DeMent, J.). The court finds *Progressive* to be readily distinguishable from the instant action.

not have been originally filed in federal court because Plaintiff's Complaint specifically limits the amount of damages sought to $69,052.21, which does not exceed $75,-000, as is required pursuant to § 1332. Accordingly, the court finds that the amount-in-controversy requirement is not satisfied and, therefore, that the above-styled action is due to be remanded.[4]

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby GRANTED, and that the above-styled action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

*Progressive* was a declaratory judgment action where the plaintiff filed the action in federal court, and the defendant filed a separate action in state court. The defendant in the federal action filed a motion to transfer the federal action so as to have the case consolidated with the state court action, and the court construed the motion to transfer as a motion to remand. The defendant contended that the federal court lacked jurisdiction because the amount in controversy was less than that required pursuant to 28 U.S.C. § 1332. Because the posture of *Progressive* was such that the case was originally filed in federal court, the court finds it distinguishable from the present case for the same reasons that *Premier* and *Horton* are distinguishable, even though the motion before the court was construed as a motion to remand.

4. The court notes that, even if it were to accept Defendant's argument that the counterclaim should be considered in the amount-in-controversy computation, removal was improper. At the time of removal, the Counterclaim had not been filed. Although the Counterclaim was filed on the same date as the Notice of Removal, it was filed in this court rather than in the Circuit court of Montgomery County, Alabama, and, thus, was filed subsequent to removal. Therefore, at the time of removal only $69,052.21 was in controversy. Because "removal is permissible only where original jurisdiction exists at the time of removal," *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S.Ct. 956, 966, 140 L.Ed.2d 62 (1998), this case was not properly removed.