Milton E. HILL and Delois
R. Hill, Plaintiffs,

v.

MONY LIFE INSURANCE COMPANY;
The Mony Group, Inc.; William M.
Payne, et al., Defendants.

No. Civ.A. 99–A–1088–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 9, 1999.

Jere L. Beasley, Wilson Daniel Miles,
III, Clinton C. Carter, Beasley, Allen,
Crow, Methvin, Portis & Miles, PC, Mont-
gomery, AL, for Milton E. Hill and Deloris
R. Hill, Plaintiffs.

Michael R. Pennington, Julie Scharfen-
berg Elmer, Bradley, Arant, Rose &
White, Birmingham, AL, for MONY Life
Ins. Co. and MONY Group, Inc., Defen-
dants.

Stephen E. Whitehead, Lloyd, Schreiber
& Gray, P.C., Birmingham, AL, for Wil-
liam M. Payne, Defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiffs on October 15, 1999 (Doc. # 10), a Motion for Oral Argument and to Take Depositions filed by Defendants MONY Life Insurance Company and the MONY Group, Inc. (collectively "MONY") (Doc. # 12) and by Defendant William Payne (Doc. # 13),[1] and a Motion to Amend the Answer filed by MONY on October 12, 1999 (Doc. # 8).

The Plaintiffs originally filed their Complaint in the Circuit Court of Bullock County, Alabama. The Defendants filed a Notice of Removal on September 16, 1999, contending that this court has diversity jurisdiction in the case.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. REMAND STANDARD

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

## III. FACTS

The Plaintiffs in this case, Milton E. Hill and Delois R. Hill ("Plaintiffs"), have brought claims against MONY and William M. Payne (collectively "Defendants").

The Plaintiffs bring claims for fraud, suppression, negligent and wanton misrepresentation, and negligent and wanton hiring, training and supervision. The Plaintiffs' claims stem from representations allegedly made to them by the Defendants regarding two life insurance policies. The Plaintiffs seek an unspecified amount of compensatory and punitive damages.

## IV. DISCUSSION

The Plaintiffs have moved for remand in this case arguing that the jurisdictional amount has not been met, and providing an affidavit in support of this contention. In this affidavit, the Plaintiffs have stated

---

1. William M. Payne filed a document in which he states that he adopts the arguments set forth by MONY and joins in MONY's re-

quest for oral argument, or to allow the Defendants to depose the Plaintiffs.

that they did not intend to seek damages in excess of $74,999.00 at the time the Complaint was filed; they irrevocably agree that the amount of damages claimed is and will forever be no more than $74,999.00, exclusive of interest and costs; that they irrevocably agree to the entry of an Order placing an irrevocable cap of $74,999.00 on the amount of damages which will be sought by or awarded to the Plaintiffs in the case; that they will under no circumstances accept a judgment or settlement in the case in excess of $74,999.00; and that their agreement is binding on her heirs, executors, administrators, and assigns and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during this action. *See* Affidavit of Milton Hill and Delois Hill. The Plaintiffs also state that they have two other policies with MONY which are term policies and with which they have no complaints at the current time. *Id.*

In response to this affidavit, the Defendants argue that the Plaintiffs' affidavit cannot divest this court of jurisdiction by amendment to the pleadings which reduced the jurisdictional amount after removal. The Defendants contend that the Plaintiffs deliberately chose not to limit the amount sought in the Complaint as long as they thought that they had sued a non-diverse defendant, and it was not until the Plaintiffs discovered that there were no non-diverse defendants in the case that they sought to limit the amount sought in the Complaint. The Defendants further contend that the Plaintiffs' damage limitation will not serve as an impediment to a higher recovery in state court, and that there is no enforceable protection for the Defendants should the Plaintiffs change their minds about the value of their case more than a year after the Complaint was filed. Finally, the Defendants request as alternative relief that this court allow discovery so that the Defendants can depose the Plaintiffs as to their subjective intent.

First, the court notes that the Plaintiffs have stated by affidavit that they intended at the time the Complaint was filed to seek only $74,999. That is the time when the jurisdictional amount is judged. The court agrees with the Defendants that a plaintiff cannot reduce his claim after removal to defeat federal court jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293–94, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The Plaintiffs' affidavit establishes, however, that at the time the Complaint was filed, they did not seek more than the jurisdictional amount.

Second, the Plaintiffs have stated that they will not accept a jury award for more than this amount, and have even agreed to an Order by this court capping the amount of damages which will be sought. The court finds that, given these sworn statements by the Plaintiffs, the Defendants' fears that the Plaintiffs will later change their minds and seek more than the jurisdictional amount are unavailing. The Affidavit provided by the Plaintiffs establishes that the amount sought by them in damages is less than the jurisdictional amount.

The Defendants have raised an additional argument for why the jurisdictional amount has been met, even accepting the Plaintiffs' limitation of damages. MONY has moved to amend its Answer, and Defendant William Payne has amended his Answer, so as to state a counterclaim against the Plaintiffs. The Defendants state that the Plaintiffs have two additional insurance policies which are not the subject of the Plaintiffs' Complaint. According to the Defendants, the Plaintiffs' Complaint as to two policies creates uncertainty as to the rights and obligations of the parties under the remaining two policies which are not the subject of the Plaintiffs' claims. The Defendants seek declaratory relief as to their rights and obligations under these policies.

The Defendants argue that this court, in evaluating whether the jurisdic-

tional amount has been met in this case, must consider the value of what the Defendants contend are their compulsory counterclaims. In support of this argument, the Defendants cite this court to *Spectacor Management Group v. Brown,* 131 F.3d 120 (3rd Cir.1997); *Fenton v. Freedman,* 748 F.2d 1358 (9th Cir.1984); *Roberts Mining & Milling Co. v. Schrader,* 95 F.2d 522 (9th Cir.1938); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241 (10th Cir.1996); and *Liberty Mut. Ins. Co. v. Horton,* 275 F.2d 148 (5th Cir.1960)[2]. Only one of these decisions is binding authority. More important, however, all of these decisions are distinguishable because they involved cases which were originally filed in federal court.

This court has found no binding authority, nor persuasive authority from this circuit, for extending the rationale of the cases cited by the Defendants to a case which was filed in state court and removed by the defendant to federal court. In fact, district courts in the Fifth Circuit have determined that *Horton* should not be applied in the removal situation. *See e.g. Moseley & Standerfer, P.C. v. Han,* 1999 WL 305107, No. 3:98–CV–2171–L (N.D.Tex. May 11, 1999). Similarly, another judge in this district has analyzed a similar argument under the former Fifth Circuit precedent and has determined that a defendant's counterclaim should not be considered in determining the amount in controversy in the context of removal jurisdiction. *See Conference America, Inc. v. Q.E.D. Intern., Inc.,* 50 F.Supp.2d 1239 (M.D.Ala.1999) (DeMent, J.).

The reasoning of courts which have declined to consider counterclaims in analyzing the jurisdictional amount in the context of a removed case is that because counterclaims are events subsequent to the complaint, they cannot be evaluated in determining the amount in controversy, and that permitting consideration of counterclaims would expand federal jurisdiction, contrary to the Supreme Court's interpretation of the statutes governing removal. *See Conference Am.,* 50 F.Supp.2d at 1242; *see also Central Associated Carriers, Inc. v. Nickelberry,* 995 F.Supp. 1031, 1035 (W.D.Mo.1998) (declining to consider defendant's counterclaim because the jurisdictional amount requirement is meant to limit a federal court's diversity caseload).

■ In addition, as the court in *Conference America* pointed out, the Eleventh Circuit has stated that "unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Conference America,* 50 F.Supp.2d at 1241 (quoting *Burns v. Windsor Ins.* 31 F.3d 1092, 1095 (11th Cir.1994)).

This court is persuaded by the precedent discussed, and by the Eleventh Circuit's requirement that this court construe the removal statute narrowly, that it is not appropriate to consider the Defendants' counterclaims in determining whether or not the jurisdictional amount has been met. The court finds, therefore, that the Defendants' arguments are unavailing, that the Plaintiffs have established that the amount in controversy sought in the Complaint is $74,999, and that the Defendants have not met their burden of showing that more than the jurisdictional amount has been sought in this case.

## V. CONCLUSION

For the reasons discussed, the court finds that the requisite amount in contro-

**2.** The Eleventh Circuit adopted as binding authority all decisions of the former Fifth Circuit decided before October 1, 1981. *Bon-* *ner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

versy is not present in this case. Accordingly, the Motion to Remand is due to be GRANTED. The court also notes that the Plaintiffs agreed in their affidavit to an irrevocable cap on damages at $74,999.00, exclusive of interest and costs. A separate Order will be entered in accordance with this Memorandum Opinion.